# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-1243V

| | |
|---|---|
| LEROY J. STOUTENBURG, III,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: June 28, 2024 |

*Heather M. Bonnet-Hebert*, Robert B. Feingold & Associates, New Bedford, MA, for Petitioner.

*Sarah Black Rifkin*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On August 20, 2019, Leroy J. Stoutenburg, III, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he sustained Guillain-Barre Syndrome resulting from the adverse effects of the influenza vaccination he received on August 20, 2017. Petition, ECF No. 1. On August 29, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 56.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $28,551.19 (representing $27,394.50 in fees plus $1,156.69 in costs). Application for Fees and Costs ("Motion") filed March 11, 2024, ECF No. 60. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 59.

Respondent reacted to the motion on March 14, 2024, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 61. Petitioner did not file a reply thereafter.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations and will therefore be adopted. Petitioner has also requested the following hourly rates for work performed by attorney Heather M. Bonnet-Hebert: $417 per hour for time billed in 2023; and $432 per hour for time billed in 2024. ECF No. 60-1. I find these rates to be reasonable and will award the attorney's fees requested. And all time billed to the matter was also reasonably incurred.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 60-3. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$28,551.19 (representing $27,394.50 in fees plus $1,156.69 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Heather M. Bonnet-Hebert.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

2